The Honorable Willie R. Hardy State Representative
518 Warner Street Camden, Arkansas 71701-4451 Dear Representative Hardy:
I am writing in response to your request for an opinion concerning A.C.A. § 18-46-112, which is part of the Medical, Nursing, Hospital, and Ambulance Service Lien Act (A.C.A. §§ 18-46-101 — 117 (Repl. 2003 and Supp. 2009), hereinafter "the Act").[1] You have asked specifically:
 I would like an opinion to explain how payment should be made under said statute that substantiates the insurance companies' position that a check with the lien holder's name upon it that is sent to the patient's attorney meets and satisfies the mandates of the Medical Liens Code, 18-46-112.
You report that your constituent, who is a physician, "understood that to pay the patient or the attorney any money or anything of value without having previously paid the lien holder is taboo, and yet he has found insurance companies often pay the patient or the attorney without satisfying the medical lien." You further state that your constituent "articulated that although the statute under any clear *Page 2 
interpretation makes no reference to an alternative matter [sic] to pay lien holders, it would seem clear that sending a check with the lien holder's name upon it to the patient's attorney does not comport to the express manner payment is outlined in said statute."
RESPONSE
Your constituent is correct in his understanding that the lien holder's claim must be satisfied before payment may be made to the patient or the patient's attorney. However, the Act does not address the manner or method by which the lien is to be satisfied. As explained further below, it seems unlikely that a violation of the Act will have occurred in the scenario outlined by your constituent.
If an insurance company pays a patient or the patient's attorney in settlement of the patient's claim without having previously paid the physician/lien holder, or without having received a written release from the lien holder, such insurance company has plainly acted contrary to A.C.A. § 18-46-112, which provides:
 (a) A tortfeasor and an insurer, and each of them, who have been notified, as authorized by this chapter, of a claim of lien against any claim or right of action that a patient has against the tortfeasor or insurer by reason of an injury caused by the fault or neglect of a tortfeasor shall not, within sixty (60) days after the service of the notice, nor at any time after a copy of that notice has been recorded in the office of the clerk of the circuit court of the county in which the professional, nursing, hospital, or ambulance service was rendered, pay to the patient, either directly or indirectly, any money or deliver to him or her, either directly or indirectly, anything of value, in settlement or part settlement of the patient's claim or right of action, without having previously:
 (1) Paid to the practitioner, nurse, hospital, or ambulance service provider that gave notice of the claim of lien the amount claimed under it; or
 (2) Received a written release of the claim of lien from the practitioner, nurse, hospital, or ambulance service provider that gave notice of it, except as otherwise authorized by this chapter. *Page 3 
 (b) A tortfeasor and an insurer, and either of them, that have been notified by a practitioner, nurse, hospital, or ambulance service provider of claim of lien under this chapter and who, directly or indirectly, otherwise than as is authorized by this chapter, pays to the patient any money or delivers to him or her anything of value as a settlement or compromise of the patient's claim arising out of the injury done to him or her shall be liable to the practitioner, nurse, hospital, or ambulance service provider for the money value of the service rendered by the practitioner, nurse, hospital, or ambulance service provider, in an amount not in excess of the amount to which the patient was entitled from the tortfeasor or insurer because of the injury.
A.C.A. § 18-46-112 (Repl. 2003) (emphasis added).[2] See alsoStuttgart Regional Med. Center v. Cox,343 Ark. 209, 33 S.W.3d 142 (2000); Buchanan, supra at n. 1.
As stated in Buchanan:
 The lien so given under [the Act] cannot be evaded by a settlement. The lienee must take notice of the lienor and if he settles the lawsuit without protecting the lienor, he does so at his peril. A conclusive presumption arises in case of settlement with notice of the lien that the lienee has retained in his hands a sufficient sum to satisfy the lien.
197 Ark. at 641.
If payment is made to the patient or the patient's attorney before the lien is satisfied or a release is obtained, the insurance company will be liable to the lien holder "for the money value of the service rendered by the practitioner, nurse, *Page 4 
hospital, or ambulance service provider, in an amount not in excess of the amount to which the patient was entitled from the tortfeasor or insurer because of the injury." A.C.A. § 18-46-112(b). The lien holder will also be entitled to costs and attorney's fees incurred in enforcing the lien. A.C.A. § 18-46-104(2) (Repl. 2003).
While this so-called "penalty" under the Act is clear, seeBuchanan, 197 Ark. at 638, it must be noted that the Act does not otherwise address the matter of an insurance company settling a patient's claim without having satisfied the practitioner's lien. Nor does it address the manner or method by which payment is made to the practitioner to satisfy his or her lien. Your constituent has expressed concern that the insurance company violates the Act by sending a check with the lien holder's name on it to the patient's attorney.[3] As explained above, however, A.C.A. § 18-46-112 states that the insurer will be liable to the lien holder if the insurer "pays to the patient any money or delivers to him or her anything of value as a settlement. . . ."Id. at (b). If no payment has occurred — which would appear to be the case in the scenario involving inclusion of the lien holder on the check — then it seems the statute has not been violated. It is of course axiomatic that when a statute is plain and unambiguous, we must determine legislative intent from the ordinary meaning of the language used. Rose v. Ark. State Plant Bd.,363 Ark. 281, 213 S.W.3d 607 (2005); Ford v. Keith,338 Ark. 487, 996 S.W.2d 20 (1999). Additionally, while it might seem as though the insurance company has delivered something of value when it sends a check to the patient's attorney, it must be recognized that no value can be realized without the lien holder's assent. Thus, it would appear that nothing of value in settlement of the patient's claim has actually been delivered.
In my opinion, therefore, it is unlikely that a violation of the Act will have occurred in the scenario outlined by your constituent. It should perhaps also be noted in conclusion that the lien holder retains his statutory right to enforce the lien through the applicable procedures. See
A.C.A. §§ 18-46-106 and-107 (Repl. 2003). *Page 5 
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General DM:EAW/cyh
[1] The Act provides a means whereby a right of lien may be created for a practitioner, nurse, hospital, or ambulance service provider providing treatment services for patients who suffered injury through no fault or neglect of their own. A.C.A. §§ 18-46-104 and-105 (Repl. 2003). See also Buchanan v.Beirne Lumber Co., 197 Ark. 635, 124 S.W.2d 813 (1939). For the definition of "practitioner," see A.C.A. § 18-46-102(8) (Supp. 2009).
[2] "Patient" is defined under A.C.A. § 18-46-102(6) (Supp. 2009) as "a person injured through the fault or neglect of another person, for the relief or cure of whose injury a practitioner, nurse, or hospital renders service." "Claim" means "the claim of a patient . . . [f]or damages from a tortfeasor . . . or [f]or benefits from an insurer."Id. at (2). "Insurer" means a person, partnership, association or corporation "that by contract of insurance has undertaken to indemnify a patient against loss through injury resulting from accident or accidental means." Id. at (5).
[3] I assume the lien holder is included as a payee on the check.